Suit by the Peninsular Telephone Company, a corporation, against the City of Clearwater, a municipal corporation, to enjoin two city ordinances imposing a purchaser-borne tax on telephone and other services, and for a declaratory decree defining plaintiff's status and rights under the ordinances. From the decree, complainant appeals.
Affirmed in part, and reversed in part.
The legislature of 1945 enacted Chapter 22829, F.S.A. § 167.43 — 1, authorizing municipalities to levy and collect a purchaser-borne tax not to exceed 10 per cent. on every purchase of electricity, metered or bottled gas, water service, telephone service and telegraph service within the corporate limits of the municipality. The seller is required to collect the tax and remit to the municipality.
In June 1948 the City of Clearwater enacted Ordinance 559, imposing a tax on the sale of telephone and other services named in Chapter 22829, the rate imposed being ten per cent on sales under $25 and five per cent on sales above $25. The act requires that the tax be paid by the purchaser to the seller at the time the charge for the service is paid and the seller is in turn required to account for and remit the tax to the city treasurer.
In June 1948 the City of Clearwater enacted Ordinance 560, which is identical to Ordinance 559 except as to the amount of tax imposed which is five per cent on the same services taxed under Ordinance 559. Ordinance 560 does not indicate whether or not the tax imposed by it is in addition to or in lieu of the tax imposed by Ordinance 559. It is contended that if the tax imposed by the latter Ordinance is in addition to that imposed by the first Ordinance it is in excess of the limitation permitted by Chapter 22829.
The City of Clearwater advised appellant that it intended to enforce both ordinances, so appellant filed its amended bill of complaint praying for an injunction and a declaratory decree defining its status and rights under said ordinances and for a judicial determination. (1) Is ten per cent the maximum amount of tax that the City can impose on purchaser-borne utility services? (2) May the city make the utility its collecting agent?
The City of Clearwater filed its answer and motion to dismiss the amended bill of complaint. On hearing the application for temporary injunction the Court entered its final decree, holding that Ordinances 559 and 560 were both valid and enforceable, that the former was not repealed by the latter, and dismissed the bill. This appeal is from the final decree.
The first point for determination is whether or not the City of Clearwater is authorized to impose a tax in excess of ten per cent on purchaser-borne utility services, based on the charge by seller to the consumer. Appellee contends that this *Page 475 
question should be answered in the affirmative and relies on Heriot v. City of Pensacola et al., 108 Fla. 480, 146 So. 654, to support its contention. The pertinent language employed by the act involved in the Heriot case was "to levy * * * and collect taxes," Sp.Acts 1931, c. 15425, § 1(1), while the controlling law on this point is embraced in Section 97, Charter of the City of Clearwater: "To levy and impose license taxes for the purpose of regulation and revenue, upon occupations and upon any and all privileges."
Most of the brief of appellant is devoted to alleged distinctions between the two acts and in an attempt to show that the present case is so different from the Heriot case that it (The Heriot case) cannot rule the case at bar. We appreciate the point attempted to be made, but we think the language of the City Charter is too clear for controversy, that the tax imposed by it is an excise or license tax and that the City had authority to impose it. The services taxed were in the category of "occupation" or "privilege" and by the terms of the title and body of the Act there can be no doubt that the purpose and gist of it was to authorize a tax on the utilities named in the ordinances here involved.
The next point for consideration is whether Chapter 22829 abridges the power conferred upon the City by Section 97 — "and to create and fix the amounts to be paid" so as to forbid the levy of more than ten per cent. Authority to raise the tax to fifteen per cent and thus enforce both ordinances is based on Section 97 of the Charter of the City of Clearwater, which provides that the City may "impose license taxes for the purpose of regulation and revenue upon any and all privileges, and to create and fix the amounts to be paid." We do not think this language was sufficient to stand against the clear import of Chapter 22829, which singled out the utilities named therein and limited the tax to ten per cent of the purchase price. Smith v. City of Miami, Fla., 34 So.2d 544, is not in point because it has reference to a tax on businesses and professions, while the act in question deals exclusively with a tax on utility services.
The concluding question is whether or not the City of Clearwater has authority to make appellant Peninsular Telephone Company its collecting agent.
Both the City Charter of Clearwater and Chapter 22829 contain an affirmative answer to this question. Chapter 22829, in terms, authorizes the City to make the Telephone Company its collecting agency, and Section 97 of the City Charter of Clearwater, after authorizing the City to impose licenses and fix the amounts thereof, the collection of the same and to provide penalties for failure or refusal to pay such license taxes may be construed as comprehensive enough to designate a collection agency.
It is therefore our view that the City of Clearwater is authorized by Chapter 22829 to impose and collect the tax in question in an amount not exceeding ten per cent of the price paid by the consumer to the seller. Ordinance 559 imposed such an amount on sales under $25 and five per cent on sales above $25. Since ten per cent was the maximum that could be imposed, Ordinance 560 was good only as to five per cent on sales over $25, the well settled rule being that taxing statutes be strictly construed.
The decree appealed from is affirmed as to Ordinance 559 and reversed in part as to Ordinance 560.
Affirmed in part, reversed in part.
ADAMS, C.J., and THOMAS and BARNS, JJ., concur. *Page 476