48 So.2d 158 (1950)
OVERSTREET, Tax Collector, et al.
v.
TY-TAN, INC.
Supreme Court of Florida, Division A.
October 24, 1950.
*159 Richard W. Ervin, Atty. Gen., Fred M. Burns, Asst. Atty. Gen., and Roy T. Rhodes, Sp. Asst. Atty. Gen., for appellant.
Lilburn R. Railey, Miami, for appellee.
TERRELL, Justice.
Appellee filed its bill of complaint in the Circuit Court to enjoin appellant, as Tax Collector of Dade County, from collecting ad valorem taxes on personal property acquired and brought into the County after January 1, 1948. At final hearing the relief prayed for was granted and the defendant appealed.
The facts in the case are not disputed. It was stipulated that on January 1, 1948 the plaintiff (appellee) did not own any personal property in Dade County, that about 30 per cent of the property on which the assessment was imposed was acquired by the plaintiff between January 5th and February 1st, and that the balance or 70 per cent acquired between February 1st and March 1st, 1948.
The point for determination is whether or not the plaintiff can be required to pay ad valorem taxes on personal property purchased by it and brought into the county after January 1, 1948.
The answer to this question turns on the interpretation of Section 193.11, F.S.A. the pertinent part of which is as follows: "Between the first day of January and the first day of July in each year, the county assessor of taxes in each county, with the aid of such assistant assessors of taxes * * * shall ascertain by diligent inquiry the names of all taxable persons in his county, and also all of their taxable personal property, and all taxable real estate therein, as of the first day of January of such year, and shall make out an assessment roll of all such taxable property."
Section 192.04, Florida Statutes Annotated providing that "All real and personal property shall be subject to taxation on the first day of January of each year, and shall be a lien upon such property for the purposes thereof superior to all others", is also pertinent and should be read with section 193.11, F.S.A.
Section 193.11, F.S.A. was originally Section 2 of Chapter 20722, Acts of 1941, as amended by Chapter 22079, Acts of 1943, the title being in part as follows: "An Act Relating To and Concerning Taxation; Providing For: Lien of Taxes; Assessment of Real and Personal Property; * * *." It repealed all laws or parts of laws in conflict with it insofar as they apply to the assessment and collection of taxes subsequent to the year 1942.
Appellants contend that Section 200.13, F.S.A. is the controlling law and requires an affirmative answer to the question stated. "Beginning on April first of each year the tax assessor shall begin preparation of his tax roll of tangible personal property, and shall cause the same to be completely assessed as its true and just taxable value according to his best information and judgment, and shall complete the same on or before June first of that year. The tax assessor shall enter upon and include in said tax roll the name of each and every person, firm and corporation who or which between January first and March first of that year was an inhabitant and/or was doing business in such county, and shall enter upon said tax roll, according to his best knowledge and information, the name of each person, firm of corporation not an inhabitant of the county or not doing business therein who or which between said dates of that year had located in the county tangible personal property, * *."
Cursory examination shows that the last quoted statute has to do with the preparation of the tax roll and gives the tax assessor specific directions for doing so. It was enacted as Section 12, Chapter 20723, Acts of 1941, while Section 193.11 was originally part of Chapter 20722, Acts of 1941, but was amended by Chapter 22079, Acts of 1943, a later expression of the legislature dealing with an entirely different phase of the tax question.
*160 Even if Section 193.11 and Section 200.13 were in conflict, which we do not think is the case, the latter expression of the legislature would be the controlling law. Directing the tax assessor as to the manner in which he should make up his tax roll and fixing the date as of which taxes are assessed, stating the conditions under which tax liens attach, and designating the persons and circumstances under which they are required to pay taxes, is so obviously a different phase of tax law from giving directions for making up a tax roll that we do not think it necessary to labor the question further.
A cardinal rule for construing taxing statutes requires that they impose the tax in clear and specific terms, otherwise they will be held not to impose it. Taxing statutes should be liberally construed in favor of the taxpayer. It is not within the power of taxing offices or this court to say who shall be taxed or to impose a tax on any person or class unless the Legislature in clear and specific terms authorizes the tax. Jefferson Realty Co. v. Board of County Commissioners of Everglades Drainage District, 156 Fla. 141, 23 So.2d 274; Peninsular Tel. Co. v. City of Clearwater, Fla., 39 So.2d 473; State ex rel. Tampa Electric Co. v. Gay, Fla., 40 So.2d 225.
We think the import of the statutes relied on is so clear that it becomes unnecessary to invoke the rule defined in the preceding paragraph. Neither was it necessary to bring suit for injunction within 30 days. That rule has no application in a proceeding to enjoin the collection of a tax that is devoid of any legal basis. It is also our view that Sections 192.04 and 193.11, F.S.A. fix the date on which ad valorem taxes must be assessed "as of" January first, each year, that Section 200.13, F.S.A. is nothing more than a Baedeker addressed to the tax assessors for making up the tax roll and being so, there was no authority for imposing ad valorem taxes on appellee's property it having been acquired and brought into the County after January 1, 1948.
The judgment appealed from is therefore affirmed.
Affirmed.
ADAMS, C.J., and THOMAS and ROBERTS, JJ., concur.