281 So.2d 77 (1973)
FLORIDA EAST COAST RAILWAY COMPANY, Appellant,
v.
David L. REID, Tax Assessor of Palm Beach County, et al., Appellees.
No. 72-1161.
District Court of Appeal of Florida, Fourth District.
July 31, 1973.
Patrick C. Coughlan and Paul B. Erickson of Alley, Maass, Rogers, Lindsay & Chauncey, Palm Beach, for appellant.
Robert Lee Shapiro of Levy, Plisco, Perry & Reiter, West Palm Beach, for appellees-Reid and McGehee.
Robert L. Shevin, Atty. Gen., and William R. Cave, Asst. Atty. Gen., Tallahassee, for appellee-Straughn.
REED, Judge.
This is an appeal from a final judgment dismissing the amended complaint with prejudice on the ground that, "... the Complaint was not filed within the sixty (60) day period required by Fla. Stat. § 194.151 (1971) [F.S.A.]".
The action was commenced on 18 January 1972 in the Circuit Court for Palm Beach County, Florida. The defendants are David Reid, the Tax Assessor of Palm Beach County, C.E. McGehee, now deceased, *78 the former Tax Collector of Palm Beach County, and J. Ed Straughn, the Director of the Department of Revenue.
The amended complaint is divided into two counts. The first count alleges that the plaintiff owns certain real property located in Palm Beach County, Florida which is specifically described in Exhibit A to the complaint. The amended complaint alleges that said land is located in a subdivision less than 60% of which has been sold as individual lots, and charges that the tax assessor failed to apply the provisions of Chapter 71-367, Laws of Florida, 1971, in establishing the value of the property for 1971 ad valorem tax purposes. As a result, the assessed value was allegedly in excess of what it would have been had the provisions of Chapter 71-367 been applied. The tax roll was allegedly certified by the tax assessor on 13 October 1971, but, thereafter, 1442 changes were made in the roll, some to correct errors of judgment.
Count two of the amended complaint deals with a parcel of land that is specifically described in Exhibit C to the complaint. As to that parcel, the complaint alleges that in mid-June 1971 the plaintiff was notified by the County Tax Assessor that said land was assessed at $825,350.00 for 1971 tax purposes, whereas in 1970 it had been assessed at $825,400.00. Subsequent to 1 July 1971, the tax assessor allegedly changed the assessment on the property without notice to the plaintiff, and, when the roll was certified by the assessor on 13 October 1971, as required by § 193.122(2), F.S. 1971, F.S.A., the property was assessed at $2,806,190.00. The plaintiff had no notice of this change until the tax bills were received in November 1971. The same allegations were made in count two as in count one with respect to the changes in the tax roll after certification.
A motion to dismiss was filed on behalf of the defendants and the trial court granted the same and dismissed the amended complaint with prejudice.
It is apparent from the face of the complaint that this action was not commenced within 60 days from 13 October 1971  the date the tax roll was certified by the tax assessor under F.S. § 193.122(2), F.S.A. This immediately raises the question of the application of § 194.151, F.S. 1971, F.S.A., which provides:
"No assessment shall be held invalid unless suit is instituted within sixty days from the time the assessment roll is certified as provided in § 193.122(2)."
(See discussion of this statute in Askew v. M.G.I.C. Development Corporation of Florida, Fla.App. 1972, 262 So.2d 227, particularly footnote 2 on page 229.) The appellant acknowledges that the action was not commenced within the 60-day period, but contends that the assessments were void, and the 60-day statute, therefore, was inapplicable. The determinative question is whether by reason of the allegations in the amended complaint, taking them to be true, the assessments were void.
One of the early cases to draw a distinction between void and voidable assessments was Hackney v. McKenney, 1933, 113 Fla. 176, 151 So. 524, 528. There a suit was brought to challenge the legality of the 1932 Orange County personal property assessment against plaintiff's personal property. The allegations and apparently the facts indicated that the tax assessor in preparing the 1932 roll omitted taxable personal property of many persons within the county. The court held that the roll was not illegal and in its discussion said:
* * * * * *
"Where tax assessments are unauthorized and void, they may be enjoined at any time, as where national banks and their stock shares are assessed in violation of the acts of Congress permitting national banks and their stock shares to be taxed upon prescribed conditions, ... or where a tax levy as made is not authorized by a valid law; or where, though a tax levy be duly authorized by law, the illegality of the tax roll because *79 of affirmative wrongdoing by the taxing officials, and not mere incorrectness or specific instances of unfairness in the assessment as made, is duly shown....
But where a tax assessment is voidable and not per se void, as where it is made in good faith but is irregular or unfair, the taxpayer must move in due time and must make a full and clear showing of right to appropriate relief."
As restated in St. Joe Paper Company v. Ray, Fla.App. 1965, 172 So.2d 646, the rule of Hackney v. McKenney, supra, is that an assessment is void where: (1) the assessment is not authorized by law; (2) the property is not subject to taxation, or (3) the tax roll is illegal. An example of an assessment not authorized by law may be found in Overstreet v. Ty-Tan, Inc., Fla. 1950, 48 So.2d 158 where personal property which was not in the taxing county on January 1 of the tax year was assessed on the tax roll of that county for that year. The court held the assessment of the property was unauthorized by law and void. Another example may be found in the recent case of Lake Worth Towers, Inc. v. Gerstung, 1972, 262 So.2d 1, 4. There the tax assessor had admittedly included in the assessed value of real property the value of an improvement which was not substantially completed on January 1 of the tax year, contrary to § 192.042, F.S. 1971, F.S.A. Even though the land (as distinguished from the improvements) was subject to taxation for the year in question, the Florida Supreme Court said that the assessment was unauthorized by law, and, therefore, held the assessment void. As a consequence the taxpayer was relieved of the 60-day period of limitation as well as the duty to pursue its administrative remedies. The court said:
"A `void' assessment has been defined as one `not authorized by law, where the property is not subject to the tax assessed, or where the tax roll is illegal due to some affirmative wrongdoing by the taxing official.' ... A `voidable' assessment, on the other hand, is one which `is made in good faith but is irregular or unfair.' ...
The assessment in the instant case was void. There was no statutory authority for imposing the challenged full-value assessment on Petitioner's property." ...
In our case, the amended complaint charges three specific defaults on the part of the tax assessor. With respect to the property described in count one, the assessor is charged with having failed to comply with Chapter 71-367, Laws of Florida, 1971 (now § 195.062, F.S. 1971, F.S.A.). With respect to the property described in count two, the tax assessor is charged with having failed to give proper notice to the taxpayer of a proposed increase in the assessment over the prior year's assessment. As to both count one and count two properties, the tax assessor is charged with having made numerous changes in the tax roll after it had been certified on 13 October 1971.
Section 195.062(1), F.S. 1971, F.S.A., provides that:
"The department shall prepare a manual of instructions for tax assessors... . Such manual shall provide that platted lands unsold as lots shall be valued for tax assessment purposes on the same basis as any unplatted acreage of similar character until 60 percent of such lands included in one plat shall have been sold as individual lots."
By implication, this would require the tax assessor to follow the manual in the assessment of property coming within the confines of the statute. At most the failure to follow the manual and the statutory intent would result in a higher valuation than would otherwise be produced.
We are unable to conclude that such a default would produce a "void assessment" within the concept of the above *80 cited cases. The land was admittedly subject to taxation and the assessment was authorized by law, although possibly erroneous in amount. Nor does the vague allegation that after he certified the tax roll, the tax assessor made certain changes therein make a showing that the assessment was void. For these reasons, it is our opinion that the trial court correctly dismissed count one with prejudice because of the plaintiff's failure to commence its action within the period limited by § 194.151, F.S. 1971, F.S.A. See Dade Dry Dock Corporation v. Broward County et al., Fla.App. 1971, 250 So.2d 286.
In count two, the amended complaint charges that the tax assessor enormously increased the 1971 assessment on the property therein described over the assessment for 1970, without giving the taxpayer notice of the upward change in assessment as required by § 194.011, F.S. 1971, F.S.A., which provided in pertinent part:
"(1) The tax assessor shall complete all assessments and have them entered on the appropriate tax rolls on or before July 1 of each year, as required in § 193.023."
"(2) On or before completion of the tax roll, each tax assessor shall notify by first class mail each person subject to real or tangible personal ad valorem taxes of the assessment of each taxable item of real property and tangible personal property as the item appears on the tax roll which he proposes to increase from the previous year's assessment, unless such increased assessment is not greater than that value declared by the taxpayer on his return.
(3) Any person objecting to the assessment placed on any property taxable to him may file a petition to oppose such assessment. Such petition shall be filed as follows:
(a) ...
(b) ...
(c) ...
(d) Such petition may be filed at any time during the taxable year prior to July 15, or, if the period in which the tax roll must be prepared is lawfully extended; then within fifteen days of the completion of the roll and its presentation to the board of tax adjustment."
According to the allegations in count two, the tax assessor not only increased the 1971 assessment to $2,806,190.00 from $825,400.00 in 1970, without giving the proper notice, but in fact gave a notice to the plaintiff indicating a decrease in the 1971 assessment. As a result the plaintiff was allegedly deprived of an opportunity to pursue the administrative remedy provided by law before the Board of Adjustment.
These factual allegations in count two indicate that the 1971 assessment was not authorized by law, because under the above quoted statute no assessment may be increased without the legally required notice which is for the purpose of affording property owners an opportunity to pursue the administrative remedy provided by law for relief from the assessment. See Florida Attorney General's Opinion 073-247, 7/5/73. We hold that such assessment was void and subject to judicial review without regard to the sixty day statute. We conclude that the trial court erred in dismissing count two of the amended complaint and on remand should allow further proceedings thereon.
The judgment appealed from is affirmed as to count one and reversed as to count two, and the cause is remanded for further proceedings consistent with this opinion.
CROSS and MAGER, JJ., concur.