BOYER, Chief Judge.
Plaintiff, appellee here, filed its complaint, alleging that its 1974 ad valorem real property tax assessment was excessive. After plaintiff’s motion for default judgment was entered by the Circuit Court Clerk, defendants, appellants here, filed a sworn motion to vacate default. The trial court entered final judgment in favor of plaintiff, thereby denying defendants’ motion to vacate default and further ordering the Volusia County Board of Tax Adjustment to reconvene and reassess the valuation of plaintiff’s property. Defendants have appealed, arguing that their motion to vacate default should have been granted, that the final judgment was improperly entered in the absence of supporting evidence, and that, in any event, the trial court was without subject matter jurisdiction to render final judgment.
The principles relative to entry of defaults and vacation thereof are recited in this Court’s opinion in Metcalf v. Langston, Fla.App.1st, 1974, 296 So.2d 81, cert. dism., Sup.Ct.Fla., 302 So.2d 414, and no useful purpose will be served by recitation here. Suffice to say that our examination of the record convinces us that the learned trial judge did not abuse his discretion in denying appellants’ motion to vacate the default entered against them. (See North Shore Hospital, Inc. v. Barber, Sup.Ct.Fla. 1962, 143 So.2d 849, 852)
We also find that the trial court had subject matter jurisdiction. (See Maccabee Investments, Inc. v. Markham, Fla.App.4th, 1975, 311 So.2d 718).
Finally, we hold that under the peculiar facts of this particular case there was no error in ordering a de novo hearing before the Board of Tax Adjustment, since it is that body which is responsible for hearing petitions relating to assessments. (See F.S. 194.032)
We do not here consider the merits of appellee’s case. We only hold that the final judgment here appealed should be, and is
AFFIRMED.
McCORD and MILLS, JJ., concur.