SMITH, Judge.
On February 2, 1977 appellee ITT Community Development Corporation filed its complaint seeking equitable relief from allegedly illegal ?.d valorem real property tax assessments on Flagler County’s 1976 tax roll. The appellant taxing authorities here complain, by interlocutory appeal, of the circuit court’s denial of their motions to dismiss and for summary judgment on the ground the complaint was not filed within 60 days from the date the assessment was certified for collection.
Section 194.171, Florida Statutes (1975) provides in part:
“(2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection . . ..”
All appellants filed motions to dismiss, in lieu of answers, asserting lack of jurisdiction and the complaint’s failure to state a cause of action. The motion of the Flagler County appellants for summary judgment and accompanying affidavit showed the Flagler County tax roll was certified for collection on December 3, 1976. It appears, therefore, that the complaint was not filed within the 60-day period prescribed by Section 194.171(2).
ITT urges the circuit court properly denied the defensive motions of the taxing authorities because Section 194.171(2) is an affirmative defense which must be pleaded, and to which an appropriate reply may be interposed, and further that the assessment was wholly void, not merely voidable, and so was susceptible to attack notwithstanding ITT’s noncompliance with the 60-day limitation on suits.
Less than a year ago, in a case directly raising the question, this court held that a suit contesting a tax assessment was within the circuit court’s jurisdiction notwithstanding it was begun beyond the 60-day limitation period. Bailey v. Plaza Hotel Corp., *656 335 So.2d 16, 17 (Pla. 1st DCA 1976), cert. den., 341 So.2d 1079 (Fla.1977):
“We also find that the trial court had subject matter jurisdiction. (See Maccabee Investments, Inc. v. Markham, Fla. App. 4th, 1975, 311 So.2d 718).”
Maccabee squarely held that former Section 194.151, now insubstantially changed in Section 194.171, is a “statute of limitation which must be pled as an affirmative defense and which can be waived; the failure to comply with the statute does not affect the trial court’s jurisdiction over the subject matter.” 311 So.2d at 726 (emphasis in original). See also Lake Worth Towers, Inc. v. Gerstung, 262 So.2d 1, 4 (Fla.1972) (dictum). Notwithstanding weighty arguments by the taxing authorities that these decisions disturb the finality of county tax rolls, with detrimental effect on county financial planning, we are not inclined to recede from a decision so recently made. Any resulting conflict with decisions of the Supreme Court and other district courts of appeal[1] may be remedied in the Supreme Court.
The untimeliness of ITT’s complaint was not jurisdictional, did not appear from the allegations of the complaint itself, and was a matter of affirmative defense. The defense, absent a pleading of it, could not be raised by motion for summary judgment and the accompanying affidavit of Flagler’s property appraiser. Meigs v. Lear, 191 So.2d 286 (Fla. 1st DCA 1966).
The trial court was correct, therefore, in denying appellants’ motions to dismiss and for summary judgment. We intimate no view of whether ITT may sufficiently plead an avoidance to the anticipated answer and affirmative defense, but we do hold that question will be dispositive of ITT’s complaint as presently drawn. ITT does not sufficiently allege circumstances which would render the assessment void and for that reason subject to attack beyond the 60-day period for suit prescribed by Section 194.151.
The Supreme Court described the difference between void and voidable tax assessments in Hackney v. McKenny, 113 Fla. 176, 186-87, 151 So. 524, 528 (1933):
“Where tax assessments are unauthorized and void, they may be enjoined at any time. As where national banks and their stock shares are assessed in violation of the Acts of Congress permitting national banks and their stock shares to be taxed upon prescribed conditions . or where a tax levy as made is not authorized by a valid law; or where, though a tax levy be duly authorized by law, the illegality of the tax roll because of affirmative wrongdoing by the taxing officials, and not mere incorrectness or specific instances of unfairness in the assessment as made, is duly shown. .
“But where a tax assessment is voidable and not per se void as where it is made in good faith but is irregular or unfair, the taxpayer must move in due time and must make a full and clear showing of right to appropriate relief.”
Florida courts have held tax assessments void because based in part on improvements which were not subject to assessment, Lake Worth Towers, Inc. v. Gerstung, supra; when the assessment increased the prior year’s assessment without notice, Florida East Coast Ry. Co. v. Reid, 281 So.2d 77 (Fla. 4th DCA 1973); when the assessed personal property was not in the county on January 1, Overstreet v. Ty-Tan, 48 So.2d 158 (Fla.1950) and St. Joe Paper Co. v. Ray, 172 So.2d 646 (Fla. 1st DCA 1965); when the assessment attempted to tax imports contrary to the United States Constitution, *657 Hansen v. Port Everglades Steel Corp., 155 So.2d 387 (Fla. 2d DCA 1963) and Wright v. Reynolds Fasteners, Inc., 184 So.2d 699 (Fla. 3d DCA 1966), modified, 197 So.2d 295 (Fla.1967); and when the assessment included exempt property, Walden v. University of Tampa, Inc., 304 So.2d 134 (Fla.2d DCA 1974), cert. den., 315 So.2d 476 (Fla. 1975).
We do not conceive that ITT’s complaint shows “(1) the assessment is not authorized by law; (2) the property is not subject to taxation, or (3) the tax roll is illegal.” Florida East Coast Ry. Co., supra, 281 So.2d at 79. ITT’s complaint was that the property appraiser failed to apply statutory standards affecting the amount of the assessment, improperly took into consideration “agreements for deed which provide for future development,” improperly failed to classify the lands as agricultural, employed other improper assessment techniques, “treated property which was not developed as though it was developed,”[2] and failed to take into consideration economic conditions and environmental factors which would properly tend to reduce the assessment; that the Department of Revenue and its executive director “failed to follow the statutes, the regulations and procedures of the Department of Revenue in reviewing the assessment”[3] and permitted ITT’s property to be assessed grossly in excess of assessments on similar property in Florida; and that the Board of Tax Adjustment improperly failed to reduce ITT’s assessments. The complaint as drawn does not allege these assorted irregularities extended the assessment to exempt property, constituted a purposefully discriminatory assessment, or omitted any formal and necessary step in the assessment process. Although the alleged irregularities may have resulted in an excessive assessment, the assessment would not thereby be rendered void. Hackney v. McKenny, supra; Lake Worth Towers, supra. To so characterize the assessment because of asserted irregularities of this character would entirely nullify the 60-day limitation period and throw the county tax rolls into virtually interminable jeopardy.
The interlocutory appeal is DISMISSED. Fla.App.R. 4.2c.
McCORD, C. J., and RAWLS, J., concur.

. See Rudisiil v. City of Tampa, 151 Fla. 284, 9 So.2d 380 (1942); Biake v. R.M.S. Holding Corp., 341 So.2d 795 (Fla.3d DCA 1977); Chatios v. Overstreet, 124 So.2d 1 (Fla. 1960); City of Naples v. Conboy, 182 So.2d 412 (Fla.1965); Henry v. County of Dade, 149 So.2d 89 (Fla.3d DCA 1963), cert. den., 155 So.2d 549 (Fla.1963); Harvey W. Seeds Post No. 29, etc. v. Dade County, 230 So.2d 696 (Fla.3d DCA 1970), cert. den., 238 So.2d 420 (Fla.1970); Chaves Constr. Co. & Subsid. v. Metropolitan Dade County, 256 So.2d 545 (Fla.3d DCA 1972).

. This conclusory allegation does not bring the case within Lake Worth Towers, supra, in which nonassessable property was assessed.

. The referenced allegation is not equivalent to an allegation that the agency wholly failed to “determine if the rolls meet all the appropriate requirements . . . relating to form and just value.” Sec. 193.114(5).