439 So.2d 652 (1983)
Sam PERKINS and Kenneth Meyers
v.
B & W CONTRACTORS, INC.
No. 83 CA 0386.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
Writ Denied December 16, 1983.
*653 Paul T. Thompson, Thompson & Beasley, Baker, for plaintiffs-appellants.
A.J. Lord, Zachary, for defendant-appellee.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
LOTTINGER, Judge.
This is a suit for a declaratory judgment, seeking the recognition of amendments to certain proposed building restrictions of Meadowood Hills Subdivision, located in the town of Slaughter, Parish of East Feliciana, Louisiana. From a judgment declaring the amendments valid, Sam Perkins and Kenneth Meyers, erroneously listed in the caption of this suit as plaintiffs, but in fact defendants in the declaratory judgment suit, suspensively appeal.
*654 In this court this appeal has been consolidated with appeal No. 82 CA 0649, 349 So.2d 656 (La.App.1983). The general facts relating to both suits will be discussed in this opinion, however, separate judgments will be rendered.

FACTS
In June of 1957, certain acreage in East Feliciana Parish was subdivided into the Meadowood Hills Subdivision. The first plat of this subdivision containing 129 lots was filed on September 12, 1957, under entry No. 10832. The second and final plat containing 128 lots was filed on November 24, 1958, under entry No. 16662. On September 12, 1957, under entry No. 10831, a document entitled "Meadowood Hills Subdivision Restrictions" was filed. Both plats on their face state that "all lots are subject to `declaration of protective covenants' recorded simultaneous herewith." The "restrictions" provide that they shall be binding for a period of 25 years and shall automatically extend for successive 10 year periods "unless an instrument signed by a majority of the owners of the lots has been recorded, agreeing to change said covenants in whole or part." The restrictions were recorded on September 25, 1957.
On June 4, 1981, Sam Perkins and Kenneth Meyers, property owners in Meadowood Hills Subdivision, filed suit seeking a permanent injunction to enjoin B & W Contractors, Inc. from constructing or continuing to construct duplex or multi-family residential dwelling units in violation of the subdivision restrictions. Trial was held and judgment rendered declaring the restrictions valid, holding the construction was in violation of the restrictions, and ordering the defendant, B & W Contractors, Inc., not to violate the restrictions and to remove any violations that had been thus far constructed. Judgment was signed on April 14, 1982. Motion for a new trial was denied on May 27, 1982. A suspensive appeal order with bond was filed on July 6, 1982, resulting in appeal No. 82 CA 0649, ___ So.2d ___. An appeal bond was not filed timely, thus, the appeal is not suspensive but devolutive.
Pending appeal in the injunction suit, the original defendant, B & W Contractors, Inc., filed a "Petition for Declaratory Judgment" on September 24, 1982, naming Sam Perkins and Kenneth Meyers, the original plaintiffs, as defendants, and seeking an adjudication that the subdivision restrictions had been validly amended, which would allow the construction which the original suit sought to enjoin. A hearing was held on November 4, 1982, wherein the trial court ruled that the amendments to the subdivision restrictions were valid and in full force and effect. After a denial of a new trial, Perkins and Meyers appealed suspensively, No. 83 CA 0386.

MOOTNESS OF APPEAL IN NO. 82 CA 0649
B & W Construction, Inc., appellants in No. 82 CA 0649, 349 So.2d 656, and appellees in No. 83 CA 0386, contends that if the declaratory judgment decision is affirmed, then the original appeal in No. 82 CA 0649, 349 So.2d 656, is moot. We agree. If having validly amended the subdivision restrictions to authorize and allow construction and/or activities which were violative of the restrictions prior to the amendments, the property owners acted not only prospectively but retoractively by forgiving and ratifying any existing violations. Thus we proceed to the merits in the declaratory judgment case, No. 83 CA 0386.

ASSIGNMENTS OF ERROR
Sam Perkins and Kenneth Meyers as appellants herein contend that the trial court erred:
1. in holding that the signature of an owner spouse (where both spouses' names appeared in the act of acquisition) was not needed in an act to amend subdivision restrictions;
2. in finding that the restrictions were recorded on September 12, 1957, instead of September 25, 1957, as shown on the face of a certified copy of the restrictions;

*655 3. in holding that the language "a majority of the owners of the lots" meant the owners of a majority of the lots for purposes of amending the restrictions;
4. in finding that the filing of the amendments to the restrictions the day before the expiration date of the original restrictions timely even though the amendment stated it was to become effective 14 days later; and
5. in finding that revocation of signatures to the amendment was untimely.

ERROR NO. 2
Without question, the original document purporting to be subdivision restrictions was filed with the clerk of court of East Feliciana Parish on September 12, 1957. There is also an indication that these restrictions were recorded on September 25, 1957. The significance of the date of recordation is that the restrictions provide that they were to be in existence for an initial period of 25 years from the date of recordation. The termination date of the restrictions is also important, inasmuch as amendments were filed on September 11, 1982, and documents revoking certain signatures appearing on the amendments were filed on September 24, 1982.
Suffice it to say, the terms "filed" and "recorded" when used in the context of conveyance and/or mortgage records in this state are interchangeable and synonymous. We are of the opinion that the September 25, 1957, recordation notation is nothing more than the date when a copy of the original was made by the clerk of court for general public view. However, the important date is the date that the restrictions were filed (or in other words recorded) with the clerk of court's office, and that date was September 12, 1957. Therefore, 25 years later would be September 12, 1982.

ERROR NO. 3
The restrictions provide that after the original 25 year period the restrictions shall automatically be extended for successive 10 year periods unless "a majority of the owners of the lots" agree to change the restrictions. Appellants argue that the trial judge misinterpreted this provision when he allowed the owners of a majority of the lots to control rather than a majority of all owners in the subdivision. They argue that if one person owned a majority of the lots that person could control whether the restrictions would be amended.
We believe the argument is misplaced. The ownership of a majority of the property governed by the restrictions should be able to amend the restrictions when it is appropriate to do so. Under appellant's theory, if one or two lots were owned by 200 people in indivision, then these owners, being a majority numberwise but not so property wise, would control.
The trial judge was correct in his interpretation of the provision that the owners of a majority of the lots control.

ERROR NO. 1
In this assignment of error appellants argue that "building restrictions are incorporeal immovables and real rights likened to predial servitudes," La.Civ.Code art. 777, and that the release of such a servitude is an alienation to which all owners must consent, citing Bruce v. Simonson Investments, Inc., 251 La. 893, 207 So.2d 360 (1968). Thus, if both husband and wife appeared as purchasers, then both must sign the consent to amend these restrictions. Additionally, it is argued that where a partnership owns property, all the partners must sign. Lots 1 and 2 of Meadowood Hills was purchased by G. Wayne Cavin, with 75% ownership, and Edward A. and Sandra Oman Shaneyfelt, husband and wife, with a 25% ownership. Lots 3, 4, 5 and 6 were purchased by G. Wayne Cavin with 75% ownership and Edward A. Shaneyfelt with 25% ownership. Only Wayne Cavin and Edward Shaneyfelt signed the amendments.
These six lots were purchased by individuals in indivision. There is no evidence in the record that a partnership existed between *656 Cavin and Shaneyfelt. Thus the partnership argument is without merit.
Since the lots were purchased during the marriage of the Shaneyfelts, it was community property. "Each spouse acting alone may manage, control or dispose of community property unless otherwise provided by law." La.Civ.Code art. 2346. The concurrence of both spouses is required for alienation, incumberance or lease of community movables and immovables, La.Civ. Code art. 2347, provided however, that the lack of concurrence creates only a relative nullity. La.Civ.Code art. 2353. Assuming for the sake of argument that the signing of the amendments falls within the purview of Art. 2347, inasmuch as Mrs. Shaneyfelt has not objected to the voting of her interest in these lots in favor of the amendments, we find no merit in assignment of error No. 1.

ERROR NO. 4
By this assignment of error, the appellants argue that if this court holds that the original restrictions terminated on September 12, 1982, the 25th anniversary of their filing, then, because the amendments provide they are not effective until September 25, 1982, the original restrictions automatically renewed for another 10 year period on September 12, 1982.
Confusion apparently exists because the original restrictions were filed on September 12, 1957, and were noted as recorded on September 25, 1957. We have previously discussed that there is no difference in terminology between "filed" and "recorded." The trial judge apparently concluded that the reference in the amendments to an effective date of September 25 was an error caused by confusion and was of no effect. This conclusion was bolstered by the fact that the amendments were filed on September 11, 1982. We agree, holding that the amendments were timely and effective as of September 12, 1982, the termination date of the restrictions.

ERROR NO. 5
In this last assignment of error, appellants argue that certain individuals revoked their signatures of assent to the amendments, which revocation was filed on September 24, 1982. However, all signatures of revocation are dated after the filing and effective date of the amendments, and thus cannot affect the validity of the amendments.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.