763 So.2d 1072 (1999)
BANKUNITED FINANCIAL CORP. and T & D Properties of South Florida, Inc., Appellants,
v.
William MARKHAM as Broward County Property Appraiser, Broward County Revenue Collector, 84 South Property Owner's Association, Inc., and Centex Real Estate Corporation, Appellees.
No. 98-3430.
District Court of Appeal of Florida, Fourth District.
September 29, 1999.
*1073 Neale J. Poller and Wendy P. Hill of Camner, Lipsitz and Poller, P.A., Coral Gables, for appellant.
Gaylord A. Wood, Jr. of Wood & Stuart, P.A., Fort Lauderdale, for appellee William Markham as Broward County Property Appraiser.
Noel M. Pfeffer and Tamara M. Scrudders, Fort Lauderdale, for appellee Broward County Revenue Collector.
Kenneth E. Zeilberger of Law Offices of Kaye & Roger, P.A., Fort Lauderdale, for appellee 84 South Property Owner's Association, Inc.
Mark F. Bideau and Bridget Ann Berry of Greenberg Traurig, P.A., West Palm Beach, for appellee Centex Real Estate Corporation.
WARNER, C.J.
This appeal arises out of the dismissal of appellants' complaint against both the property appraiser and revenue collector of Broward County seeking a declaratory judgment as to certain tax certificates that appellants had purchased on land that the property appraiser subsequently devalued after their purchase. We reverse the dismissal of the action against them, concluding that appellants raised a proper claim, that the appraiser committed an error in the listing of ownership of the property. Such a claim may be brought at any time. As to the revenue collector, the complaint states a claim that the tax certificate is void and requires a refund to the appellants.
In 1991, 1994, and 1996, appellants purchased tax certificates on property described as Parcel O, New River Estates, in Broward County. The appraised value was stated as $439,910. In the complaint, appellants claimed that they relied on this appraisal in purchasing the certificates. In 1997, upon determining that Parcel O consisted of common areas of a development and belonged to a homeowner's association, the property appraiser devalued the property to $10. According to the complaint, once a common area is deeded to a homeowner's association, the land is appraised at a minimal value in order to eliminate any taxes on the common areas. In this case, no deed to the homeowner's association could be found. Therefore, appellants alleged that the property should not have been devalued. After the property appraiser and revenue collector failed to satisfy their complaints, appellants filed suit against both. The appellants alleged that if the deed could not be found then the property must be valued as though owned by the developer. Alternatively, the appellants alleged that if there was a deed to the homeowner's association, then the prior tax certificates should be canceled under section 197.444, Florida Statutes (1997), and any amounts refunded to appellants. Additionally, the appellants joined both the developer (Centex) and the homeowner's association (84 South).
All parties except the revenue collector moved to dismiss the complaint. Centex and 84 South were dismissed because the complaint stated no controversy between appellants and those entities and requested no relief against them. The property appraiser moved to dismiss on several grounds, including its contention that it was not a proper party to the proceedings *1074 since it did not sell the questioned tax certificates. Because the complaint challenged the assessment on the 1991, 1994, and 1996 tax rolls and was not filed within sixty days of the certification of the tax rolls as required by section 194.171, the appraiser alleged that the court lacked jurisdiction to decide the matter. The trial court then duly dismissed the complaint as to the property appraiser.
The revenue collector filed an answer also raising the jurisdictional bar of section 194.171. He further alleged that although he did collect funds from the sale of the certificate, his collection was based solely on the value of the property as assessed by the property appraiser. Thus, any error in the proceedings had to be corrected by the appraiser, who had been dismissed from the case. The revenue collector then moved for judgment on the pleadings. At the hearing, the trial court found that the purchasers of the tax certificates assumed the risk of devaluation of the property. Thus, since the revenue collector was only collecting taxes based upon the appraised value, it was not liable to the appellants. The court therefore granted the motion and subsequently dismissed the complaint with prejudice, resulting in this appeal from all of the dismissals.
The property appraiser and tax collector both characterize the complaint for declaratory judgment as one challenging the property assessment and therefore argue it is untimely pursuant to section 194.171. We view the complaint as making a claim that the property appraiser committed an error in determining the ownership of property, which necessarily affected the property's value in this case. It did so because common elements are not assessed to a homeowner's association, as even the property appraiser admits in his brief.
Under rule 12D-8.021, Florida Administrative Code, a property appraiser may correct errors in the assessment of taxes even subsequent to certification of the tax roll to the tax collector. The appraiser is required to complete a specific form and issue a certificate of correction. See Fla. Admin. Code R. 12D-8.021(2). Section 2(a) provides:
(a) The following errors shall be subject to correction:
. . . .
12. Any error of omission or commission which results in an overpayment of taxes, including clerical error.
. . .
22. Erroneous listing of ownership of property, including common elements.

(emphasis added). Section (4) provides that "[a]ny error or any act of omission or commission may be corrected at any time by the party responsible." Thus, correction of these types of errors is not limited by section 194.171.
The rule speaks directly to the correction of the error complained of in this case (i.e. the listing of ownership of common elements), and such error can be corrected at any time. Thus, we conclude that the complaint against the property appraiser stated a proper cause of action in requesting the court to declare that the property appraiser had a duty to correct the tax roll if it proved that the property was owned by the homeowner's association. This is consistent with the property appraiser's duty under section 193.023(5), Florida Statutes (1997), which states:
(5) In assessing any parcel of a condominium or any parcel of any other residential development having common elements appurtenant to the parcels, if such common elements are owned by the condominium association or owned jointly by the owners of the parcels, the assessment shall apply to the parcel and its fractional or proportionate share of the appurtenant common elements.
Thus, but for the property appraiser's alleged error in listing the ownership of the common elements in the name of the developer rather than the homeowner's association, value would be assigned not to the *1075 common elements themselves but to the individual parcels. On the other hand, if the property were still owned by the developer, the property would be taxable for its assessed value. This also answers the appraiser's contention that appellant's action is simply a challenge to the assessment. Appellants do not challenge the value of the property, but merely who must pay the taxes on the property.
We analogize this case to State, Department of Revenue v. Gerald Sohn, P.A., 654 So.2d 249, 250 (Fla. 1st DCA 1995), in which the first district held that a complaint alleging an error in classification in property which would change its value was not governed by section 194.171, and the complaint could be brought at any time. We therefore reverse the dismissal of the complaint against the property appraiser.
As to the revenue collector, we also reverse the dismissal of the complaint. The appellants sued the revenue collector essentially claiming a refund under section 197.444 which permits the tax certificate holder to sue to cancel the certificate if it is void. In Hackney v. McKenney, 113 Fla. 176, 151 So. 524, 528 (Fla.1933), the court stated:
Where tax assessments are unauthorized and void, they may be enjoined at any time, as where national banks and their stock shares are assessed in violation of the acts of Congress permitting national banks and their stock shares to be taxed upon prescribed conditions ...; or where a tax levy as made is not authorized by a valid law; or where, though a tax levy be duly authorized by law, the illegality of the tax roll because of affirmative wrongdoing by the taxing officials, and not mere incorrectness or specific instances of unfairness in the assessment as made, is duly shown....
But where a tax assessment is voidable and not per se void, as where it is made in good faith but is irregular or unfair, the taxpayer must move in due time and must make a full and clear showing of right to appropriate relief.
(citation omitted). See also Lake Worth Towers, Inc. v. Gerstung, 262 So.2d 1 (Fla. 1972); Florida East Coast Ry. Co. v. Reid, 281 So.2d 77 (Fla. 4th DCA 1973). In this case, the appellants alleged that if the property was owned by the homeowner's association, its assessment was in error. Since the assessment of the property would be unauthorized by section 193.023(5), it would be void. Therefore, we conclude that the appellants were entitled to a declaration of their rights as to the property appraiser's duty to correct the tax certificates.
We affirm the dismissal of the case as to 84 South because no relief is available against them, nor is 84 South necessary for complete relief. If the property was owned by the association in the earlier years, its value would be assessed to the residential parcels and not to the homeowner's association. Therefore, since there will be no increase of assessment to them, notice would not be required. We also affirm the dismissal as to Centex. Although they may be liable for additional taxes, should it be determined that they were the record owner of the property in 1997, rule 12D-8.021(9) provides for the method of notification after the property appraiser has corrected the tax rolls. This does not preclude Centex from requesting intervention to litigate the issue of ownership.
Reversed and remanded for further proceedings.
STEVENSON, J., and KREEGER, JUDITH L., Associate Judge, concur.