149 So.2d 89 (1963)
Charles HENRY, Appellant,
v.
COUNTY OF DADE et al., and City of Miami Beach, Appellees.
No. 62-378.
District Court of Appeal of Florida. Third District.
January 29, 1963.
Rehearing Denied February 14, 1963.
Montague Rosenberg and Leon L. Stoller, Miami Beach, for appellant.
Darrey A. Davis, County Atty., and William W. Gibbs, Asst. County Atty., Joseph A. Wanick, City Atty., for appellees.
Before PEARSON, TILLMAN, C.J., and BARKDULL and HENDRY, JJ.
PER CURIAM.
Appellant's complaint, charging that the real and personal property tax assessments of Dade County and the City of Miami Beach made against his property for 1961 were "unreasonable, unequitable, unconscionable and confiscatory and in violation of law", was dismissed on motion of the defendants. The ground stated in the order was that "* * * this suit having been instituted after the expiration of the sixty day period provided in § 192.21, Florida Statutes,[1] this Court is without jurisdiction *90 over its subject matter and it is therefore hereby dismissed with prejudice."
Appellant argues that this statute being one of limitation, it must be pleaded by answer; and, therefore, the court erred when it acted upon motion. The point is not well taken because under the wording of the statute, compliance is necessary for the court to have jurisdiction. Cf., Town of Miami Springs v. Lasseter, Fla. 1952, 60 So.2d 774.
Affirmed.
NOTES
[1] § 192.21, Fla. Stat., F.S.A.

"* * * and no assessment shall be held invalid unless suit be instituted within sixty days from the time the assessment shall become final * * *."