## GROOVER v. TAX ASSESSOR, et al.
No. 67-18381.

Circuit Court, Dade County.

June 18, 1968.

Kates & Ress, North Miami, for plaintiff.

Gerald T. Wetherington, Assistant County Attorney, for defendants.

HAL P. DEKLE, Circuit Judge.

Upon defendants' motion to dismiss, after due notice, hearing and consideration by the court, it is ordered that this cause and the complaint herein is dismissed with prejudice.

This suit seeks to nullify a tax assessment on plaintiff's property and to obtain a refund. It comes too late. The 60 day limitation for filing suit, as provided in §192.21, Florida Statutes, applies. Henry v. Dade County, Fla. App. 3d, 1963, 149 So.2d 89. Certification of the tax roll in question was on October 3, 1966; this suit was filed over a year later on November 29, 1967.

Plaintiff urges the exception suggested in Hansen v. Port Everglades Steel Corp., Fla. App. 2d, 1963, 155 So.2d 387, 391, to the effect that such time limitation does not apply where assessments are "unauthorized and void". This is not such a case.

Plaintiff may indeed have been entitled, had timely complaint been filed, to have a reduction in tax as ordered by the board of equalization but which the tax assessor either failed or refused to enter, and the tax roll was certified with the initial higher tax, which was paid under protest.

The opinion in one of the earlier cases cited in *Hansen* probably contains the answer to plaintiff's unfortunate predicament. It is stated in Hackney v. McKenney, Fla. 1933, 151 So. 524, 528 —

> "But where a tax assessment is voidable and not per se void, as where it is made in good faith but is irregular or unfair, the taxpayer must move in due time and must make a full and clear showing of right to appropriate relief."

Apparently the reasoning of the courts throughout with regard to tax assessments is that in view of the importance of taxes in the operation of government there must be definite regulations thereon, despite unfortunate results if they are not literally complied with. Such seems to be the case here where the action was not taken within the 60 days allowed.