230 So.2d 696 (1970)
HARVEY W. SEEDS POST NO. 29, AMERICAN LEGION, DEPARTMENT OF FLORIDA, Appellant,
v.
DADE COUNTY, Florida, a Political Subdivision of the State of Florida, et al., Appellees.
No. 69-492.
District Court of Appeal of Florida. Third District.
January 27, 1970.
*697 Barry Kutun, and Paul S. Berger, Miami Beach, for appellant.
Thomas C. Britton, County Atty., and Stuart Simon, Asst. County Atty., for appellees.
Before CHARLES CARROLL, BARKDULL and HENDRY, JJ.
PER CURIAM.
This is an appeal by the plaintiff below from a final judgment in favor of the defendants. Appellant contended that it was entitled to tax exempt status for the year 1967, and presented its arguments to the Circuit Court, which entered its final judgment in favor of the appellees. The circuit judge found and adjudged as follows:
"This cause came on to be heard and considered by the Court on the plaintiff's Motion for Summary Judgment. At the beginning of the hearing counsel for all parties informed the Court that there were no areas of factual controversy involved in the cause. On their representation that the only issues were of a legal nature and on counsels' joint invitation to the Court to determine the rights of the parties herein by a summary judgment in favor of whichever side prevailed, the Court has decided to wholly resolve this controversy by summary judgment.
"In making its determination the Court relied on the pleadings filed, which included the complaint, the answer and affirmative defenses of the defendants, the deposition of Joseph E. Creech and the exhibits contained therein, the affidavits attached to the Motion for Summary Judgment and the argument of counsel before the Court. The Court, being fully advised in the premises, hereby
"ORDERS AND ADJUDGES:
"1. The plaintiff's prayer for tax exempt status for 1967 is denied and summary judgment is herewith granted in favor of the defendants.
"2. There is a lack of jurisdiction in the Court over the subject matter of this cause. This finding is based on the fact that the 1967 Dade County tax roll was approved and certified by the Board of County Commissioners of the said County on the first Monday in October, 1967, pursuant to the requirements of Section 193.29, Florida Statutes, and thus became final at that time. Section 192.21, Florida Statutes, states:
"* * * and no assessment shall be held invalid unless suit be instituted within sixty days from the time the assessment shall become final,. * * *"
"It is clear to the Court from an examination of the Court file that the complaint was not filed nor was service effected until May of 1968, clearly more than sixty days from the 2nd day in October, 1967, when the assessment complained of became final. Such failure to file within the limitations period is fatal to the plaintiff's case under the holding in Henry v. Dade County (1963, App. 3) 149 So.2d 89.
"3. The plaintiff failed to appear before the Board of County Commissioners of Dade County, Florida, sitting as a Board of Equalization, and assert any right to tax exempt status for 1967. The plaintiff is therefore barred from the relief it seeks by its failure to exhaust the administrative remedies provided by law before seeking judicial relief. See Attorney General Opinion No. 067-61 and Stiles v. Brown, [Fla.] 182 So.2d 612.
"4. Other points urged and argued by counsel for the parties herein are not decided by the Court at this time, since their determination is not necessary to this wholly dispositive ruling.

*698 "5. Plaintiff's are hereby required to pay the delinquent City of Miami and Dade County 1967 real property taxes on the basis of the assessments imposed on the following described realty:
"Lots 26, 27, 30, 31, 34, 35, 38, 39, 43, and 44, Plat Book 8, Page 11, Brickell Subdivision of the Public Records of Dade County, Florida
"Beginning 1064.7' N + 575.9' East of Southwest corner of Government Lot 5 then South 233' East 500' North 233' West 500' to POB all in Dade County, Florida,
together with such costs, charges and interest payments as are prescribed in Section 193.51, Florida Statutes."
We must affirm the final judgment being appealed, and accept the trial judge's basis for his decision, to-wit: lack of jurisdiction because of appellant's failure to file complaint or effect service within 60 days of the assessment becoming final. Henry v. County of Dade, supra. See also City of Coral Gables v. Metropolitan Dade County, Fla.App. 1969, 221 So.2d 765.
Affirmed.