PER CURIAM.
Plaintiff appeals from an order which dismissed, with prejudice, its complaint challenging its 1970 intangible tax assessment. The trial court found this suit was instituted more than sixty days after the tax assessment roll was certified and that it lacked jurisdiction pursuant to Fla.Stat. § 194.151, F.S.A., which provides:
“No assessment shall be held invalid unless suit is instituted within sixty days from the time the assessments roll is certified. . . . ”
Plaintiff argues this statute does not apply to the intangible tax roll. It has been held under a prior statute with almost the same wording that a 60 day limitation for suit was a jurisdictional requirement in a case challenging 1961 real and personal property tax assessments. See Henry v. County of Dade, Fla.App.1963, 149 So.2d 89; and Harvey W. Seeds Post No. 29, American Legion v. Dade County, Fla.App.1970, 230 So.2d 696.
The statutes require assessments for intangible personal property to be on a separate tax roll [§ 199.071, Fla.Stat., F.S.A.]; that the assessments for tangible personal property be on a separate tax roll [§ 199.-041, Fla.Stat., F.S.A.]; that the county assessor complete the assessment rolls on or before July 1 of each year [§ 194.011(1), Fla.Stat., F.S.A.] ; and the assessor must present each of the assessment rolls on the 3rd Monday in July. § 194.031(1), Fla. Stat.
We are of the view and so hold that § 194.151, Fla.Stat., F.S.A., applies to intangible tax assessments and find no error under this point.
Plaintiff argues if § 194.151, Fla.Stat, F.S.A. applies to intangible tax rolls it should not apply here because the 60 day limitation is not proper in suits where the assessments are alleged to be unauthorized and void. See Hansen v. Port Everglades Steel Corporation, Fla.App.1963, 155 So.2d 387; and cases cited therein.
A review of the complaint indicates plaintiffs essentially alleged the valuation of its class “B” intangibles to be improper and excessive; that the tax assessor had acted improperly in giving it notice; and that it had been denied a full and fair hearing before the Board of Tax Adjustment. It admitted a dollar sum certain to be a just valuation of its class “B” intangibles *547 for 1970 and prayed the court determine that any assessment in excess thereof be declared illegal and void.
We hold the allegations that the assessment was excessive and that certain administrative procedures were improper were not sufficient allegations that the assessment was illegal and void. See Hackney v. McKenney, 113 Fla. 176, 151 So. 524 (1933); and Hansen v. Port Everglades, supra.
The final order of dismissal is
Affirmed.