306 So.2d 109 (1974)
HOLLYWOOD JAYCEES and Hollywood Hills Private School, Appellants,
v.
STATE of Florida, DEPARTMENT OF REVENUE, et al., Appellees.
No. 45478.
Supreme Court of Florida.
November 20, 1974.
Rehearing Denied February 4, 1975.
*110 Jerome M. Rosenblum, Hollywood, for appellants.
Robert L. Shevin, Atty. Gen., Stephen E. Mitchell, Asst. Atty. Gen., and Gaylord A. Wood, Jr., Fort Lauderdale, for appellees.
ERVIN, Justice.
The Greater Hollywood Junior Chamber of Commerce; E.L. Bailey, Modena Bailey, and Mr. and Mrs. J.W. Rogler doing business as Hollywood Hills Private School, Appellants, appeal from an interlocutory order of the Circuit Court of Broward County entered April 8, 1974 denying petition for a rehearing which directly upheld the validity of Section 193.122(1), Florida Statutes, as amended by Section 9, Chapter 73-172, Laws of Florida. We have jurisdiction to hear the appeal by treating it as sounding in certiorari under Article V, Section 3(b)(3), State Constitution, F.S.A., which authorizes our discretionary review by certiorari of "any interlocutory order passing upon a matter which upon final judgment would be directly appealable to the supreme court," and "may issue writs of certiorari to commissions established by general law having statewide jurisdiction." See Burnsed v. Seaboard Coastline Railroad Company (Fla. 1974), 290 So.2d 13. The Circuit Court has also indicated a Supreme Court decision is needed by its stay order reciting further proceedings in the cause are stayed "until there is an authoritative decision of the Supreme Court interpreting the constitutionality of the statute in question ..."
*111 The Appellees are State of Florida, Department of Revenue; William Markham, Broward County Tax Assessor, and Lester Bauer, Broward County Tax Collector.
The principal question on this review is the validity of the said statute as applied in this case by the Department of Revenue (DOR). The statute reads as follows:
"... If the board of tax adjustment makes any changes in the assessor's roll it shall forward to the department its specific and detailed findings for all changes made by the board to substantiate that the evidence presented was sufficient to overcome the asessor's presumption of correctness. The board shall reduce its finding of fact to writing, in each case stating the reasons for which the assessor's determination was overturned. The department shall invalidate any change by the board if it finds the change lacks legal sufficiency or that the evidence presented was insufficient to overcome the assessor's presumption of correctness." (Emphasis added.)
The salient facts are: Each year in the past Appellants have received tax-exempt status for their property located in Broward County, Florida, but for the year 1973 Appellants missed the April 1st deadline for filing their applications for said tax exemption due to unforeseeable circumstances. The Appellants subsequently applied to the Broward County Board of Tax Adjustment for the requested relief whereupon they were given a full hearing in compliance with due process of law.
At the conclusions of said hearings, Appellants were subsequently afforded the requested relief and were granted a tax exemption for the year 1973.
Several months thereafter, during the month of October 1973, Appellants received a short notice from the County Comptroller, Mr. Jack Wheeler, stating that the Department of Revenue of the State of Florida reversed the action taken by the Board of Tax Adjustment whereupon the previously-granted tax exemption was invalidated.
At no time were Appellants given notice of hearing, nor in fact was notice of hearing ever sent out to either of the parties; Appellants were never given opportunity to be heard nor to confront witnesses nor to challenge the action taken by the DOR in any manner.
At no time has the DOR ever officially notified Appellants of the action taken invalidating their tax exemptions. Additionally, Appellants have not received a written order containing findings of fact or conclusions of law so as to explain why they lost their tax exemption. The fact that there was no notice of hearing given Appellants nor opportunity to be heard, and the fact that there have been no findings of fact or conclusions of law to support the action taken by the DOR have all been admitted in the trial court (Circuit Court).
Appellants herein timely filed a petition for declaratory and injunctive relief in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, requesting a declaration stating that the action taken by the DOR was unconstitutional since there was no notice of hearing or opportunity to be heard and requesting that the Court enjoin the defendants from collecting the assessed taxes.
Appellants herein filed a motion for summary judgment attacking the constitutionality of Section 193.122(1), F.S., as amended by Section 9, Chapter 73-172, Laws of Florida.
The constitutional attack was based on several grounds; namely, that the statute is invalid since it denies Appellants the right to notice of hearing, opportunity to be heard, opportunity to confront adverse witnesses, as well as the right to receive findings of fact or conclusions of law.
Further, the Circuit Court found the action taken by the DOR in reversing the grant of tax exemptions to Appellants to *112 be valid even though the Circuit Court specifically found that there were no findings of fact or conclusions of law stated by the DOR to support its action.
Lastly, the Circuit Court ruled in its order dated April 8, 1974, that the Administrative Procedure Act does not apply to actions taken by the DOR pursuant to Section 120.21(1) of the Florida Statutes and that such statute does not deny Appellants either due process or equal protection of the laws.
It is from this order that Appellants seek relief.
It is our conclusion that the statute was unconstitutionally applied in this case by the DOR in that no notice and hearing were initially afforded Appellants by the DOR in its procedures invalidating the tax exemption granted Appellants by the County Board of Tax Adjustment, nor did the DOR make any written findings setting forth the basis for its invalidation of the exemption and transmit them to Appellants.
Section 193.122(1), F.S., as amended, is facially valid but was given an unconstitutional application in this case. It is requisite that when the DOR invalidates a change by the Board of Tax Adjustment of the kind and magnitude herein, that due process procedures of notice and hearing and appropriate findings thereon be afforded taxpayers as necessary constitutional conditions precedent. Upon denial of the tax exemption previously allowed Appellants, their tax bill in non-exempt status will be more than $2000 for the tax year 1973. It follows their pecuniary and property rights were affected to an extent that required administrative due process. Even though the statute is silent as to due process requisites, they are constitutionally implied. Insofar as Section 120.21(1), F.S., of the Administrative Procedure Act purports to exempt the DOR from due process requirements in this situation, it is invalid.
A tax exemption is a valuable right to a citizen and should not be lightly shorn without his having a contemporaneous opportunity at the administrative level to be heard where the reviewing body (DOR in this case) has equal authority, as did the County Board of Tax Adjustment, to disallow an exemption. If it was requisite that the Board of Tax Adjustment afford Appellants notice and hearing therein, similar treatment should have been accorded them by the DOR since its power to deny exemptions was equally as great as the Board's.
It is true the statutes afford Appellants judicial review de novo in the Circuit Court. Section 194.171, F.S. However, such review does not supply the initial lack of due process by the DOR. The taxpayer is constitutionally entitled originally to administrative due process by the DOR and should not be relegated to his own initiative to bring a collateral judicial proceeding. Moreover, even though Appellants are afforded a de novo judicial hearing, they have "one strike against them" by the DOR and whether legally recognized or not must proceed in the judicial forum burdened with the tacit presumption that the decision of the DOR is correct.
It is elementary familiar law that due process notice and hearing procedures and appropriate findings supportive of the DOR invalidation of the tax exemption should have been afforded Appellants. See Thorn v. Florida Real Estate Commission (Fla.App.), 146 So.2d 907; Horne v. Markham (Fla. 1974), 288 So.2d 196; Fuentes v. Shevin (1971), 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556; Bell v. Burson (1970), 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90; Sniadach v. Family Finance Corporation (1969), 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349, and Goldberg v. Kelly (1970), 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287.
In Ryan's Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 483, it was said *113 by this Court nearly forty years ago concerning statutes providing procedures supplemental to execution:
"... These statutes must be enforced so as to afford due process.
"[2-4] In observing due process of law, the opportunity to be heard must be full and fair, not merely colorable or illusive. Redman v. Kyle, 76 Fla. 79, 80 So. 300. Fair notice and a reasonable opportunity to be heard shall be given interested parties before a judgment or decree is rendered.... Due process of law means a course of legal proceedings according to those rules and principles which have been established in our system of jurisprudence for the protection and enforcement of private rights... ." Text 486-487.
The statutes providing procedures supplementary to execution considered in the McNair case did not contain due process language. However, the Supreme Court did not invalidate vel non the statutes, but only required that notice and hearing by way of rule nisi be afforded judgment creditors in such proceedings.
It is hardly necessary to further elaborate the governing law application in this due process situation.
The foregoing considered, it is our conclusion that when the DOR prima facie concludes that it is probably necessary that it make a change in a decision of a Board of Tax Adjustment of the nature of the one in the instant case, it should afford the interested taxpayer or property owner due notice and opportunity to be heard in the matter relative to a possible change. Additionally, if after notice and opportunity to be heard is afforded the taxpayer or property owner the DOR decides a change of such nature is legally required, it should make appropriate findings thereon and promptly furnish copy thereof with a copy of its change order to the affected taxpayer or property owner.
Our decision herein is limited solely to the issue of due process in this case. It is not necessarily intended to be applicable to other matters in the field of taxation different in nature from the situation of citizens who are aggrieved by rulings of the DOR invalidating tax exemptions authorized by Boards of Tax Adjustment.
The decision of the DOR herein is quashed with direction that further proceedings before the DOR be conducted in accord herewith, limited, however, to the record made before the Board of Tax Adjustment. Our decision is procedural only and does not pass upon the merits of petitioners' (Appellants') claim of tax exemption.
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD, McCAIN, DEKLE and OVERTON, JJ., concur.