362 So.2d 8 (1978)
Harry L. COE, Jr., Etc., Petitioner,
v.
ITT COMMUNITY DEVELOPMENT CORPORATION et al., Respondents.
No. 52616.
Supreme Court of Florida.
July 20, 1978.
Rehearing Denied September 28, 1978.
*9 Robert L. Shevin, Atty. Gen., and Harold F.X. Purnell, Asst. Atty. Gen., Tallahassee, for petitioner.
Janet Reno, Talbot D'Alemberte and Donald M. Middlebrooks of Steel, Hector & Davis, Miami, for respondents.
Kate L. Walton and William L. Townsend, Jr., Palatka, for John Seay, as Property Appraiser, the 1976 Property Appraisal Adjustment Board and Dale Brown, Jr., as Tax Collector, Flagler County, Florida, copetitioners.
ENGLAND, Chief Justice.
This case comes to us by petition for a writ of certiorari directed to the First District Court of Appeal, which recently held[1] that a complaint challenging an ad valorem real property tax assessment need not be filed within the 60-day period prescribed by Section 194.171(2), Florida Statutes (1975).[2] Recognizing that its decision would be in conflict with decisions of this Court and those of other district courts of appeal, the First District nonetheless held that the statute does not create a jurisdictional bar to the commencement of a tax assessment challenge and indicated that the "resulting conflict ... may be remedied in the Supreme Court."[3] To remedy the conflict, we now quash the district court's decision.
We have consistently held that the 60-day time limitation expressed in Section 194.171(2), and in its predecessor statutes, is a jurisdictional statute of non-claim rather than a statute of limitations. Rudisill v. City of Tampa, 151 Fla. 284, 9 So.2d 380 (1942); Chatlos v. Overstreet, 124 So.2d 1 (Fla. 1960). The Third District Court of Appeal has consistently followed our interpretation. Henry v. County of Dade, 149 So.2d 89 (Fla. 3d DCA), cert. denied, 155 So.2d 549 (Fla. 1963); Harvey W. Seeds Post No. 29 v. Dade County, 230 So.2d 696 (Fla. 3d DCA), cert. denied, 238 So.2d 420 (Fla. 1970); Chaves Construction Co. v. Metropolitan Dade County, 256 So.2d 545 (Fla. 3d DCA 1972); Blake v. R.M.S. Holding Corp., 341 So.2d 795 (Fla. 3d DCA 1977).
Neither the district court below nor respondents here have suggested any invalidity or defect in the reasoning which prompted an early characterization of this statute as one of jurisdictional non-claim, rather than as one establishing an affirmative defense of the statute of limitations. Respondents' principal basis for now challenging the formulation announced in Rudisill stems from an inartful use of the term "statute of limitations" in a recent decision of this Court,[4] and a consequential reluctance of other Florida appellate courts to treat the statute as jurisdictional.[5] While *10 an inapt label may have been ascribed to Section 194.171(2) by our recent decision, the substance, purpose, and rationale for the statute have not been altered since Rudisill. We therefore see no reason to recede from our earlier decisions.[6]
The decision of the First District Court of Appeal is quashed.
It is so ordered.
ADKINS, BOYD, OVERTON and HATCHETT, JJ., concur.
NOTES
[1] Coe v. ITT Community Development Corp., 349 So.2d 654 (Fla. 1st DCA 1977).
[2] "No action shall be brought to contest a tax assessment after sixty days from the date the assessment being contested is certified for collection... ."
[3] Id. at 656. The decisional conflict identified by the district court, of course, provides the basis of our jurisdiction. Art. V, § 3(b)(3), Fla. Const.
[4] See Lake Worth Towers, Inc. v. Gerstung, 262 So.2d 1, 4 (Fla. 1972).
[5] Maccabee Investments, Inc. v. Markham, 311 So.2d 718 (Fla. 4th DCA 1975), rev'd on other grounds, 343 So.2d 16 (Fla. 1977); Bailey v. Plaza Hotel Corp., 335 So.2d 16 (Fla. 1st DCA 1976), cert. denied, 341 So.2d 1079 (Fla. 1977). The Maccabee court's conclusion that this provision constitutes a statute of limitation rather than a jurisdictional requisite was based largely on our misappellation in Gerstung. 311 So.2d at 726. Bailey, in turn, relied entirely upon Maccabee for the same proposition. 335 So.2d at 17.
[6] Respondents also contend that if Section 194.171(2) is held to be jurisdictional, it would be an unconstitutional encroachment upon our rule-making power under Article V, Section 2(a), Florida Constitution. This argument is without merit. See Fla.R.Civ.P. 1.010; cf. Gonzalez v. Badcock's Home Furnishings Center, 343 So.2d 7 (Fla. 1977); Berry v. Clement, 346 So.2d 105 (Fla. 2d DCA 1977).