368 So.2d 1285 (1979)
Ted WILLIAMS, Etc., Appellant,
v.
Curtis LAW et al., Appellees.
No. 53444.
Supreme Court of Florida.
March 8, 1979.
*1286 E. David Tyner of Sumner, Tyner, Williams, McKnight & Ross, Dade City, for appellant.
H. Clyde Hobby of McClain & Hobby, Dade City, and David W. Rynders, Port Richey, for appellees.
SUNDBERG, Justice.
This cause is before us on direct appeal from an order of the Circuit Court for Pasco County, Florida, invalidating section 194.171(2), Florida Statutes (1975), as it relates to the time limit for seeking judicial review of a decision of a county Board of Tax Adjustment. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution.
Appellees John G. Kasten and Mary B. Kasten applied to appellant, Ted Williams, property appraiser for Pasco County, for an agricultural classification for the 1976 tax year relative to land which they owned and leased for use as a dairy farm. Following a denial of their application, appellees Kasten petitioned the Board of Tax Adjustment for Pasco County, Florida, pursuant to chapter 194, for relief. On September 20, 1976, after a full hearing, the board granted appellees an agricultural classification. Thereafter, on October 26, 1976, appellant Williams filed an action in circuit court pursuant to section 194.032(6)(a), Florida Statutes (Supp. 1976), seeking to enjoin the board from enforcing its decision. Appellees filed a Motion to Dismiss for lack of jurisdiction, alleging that appellant's suit constituted an appeal from an administrative decision of the board, which appeal was required by Florida Appellate Rule 3.2 (1962) to be filed within thirty days of the board's final decision. The circuit court granted the motion, ruling that appellant's suit was an appeal which was not timely filed pursuant to rule 3.2. The court further found that section 194.171(2),[1] which provides a sixty-day time limit for instituting a civil action in circuit court to challenge a property tax assessment, violates article V, section 2(a), Florida Constitution,[2] insofar as it attempts to extend beyond thirty days the time limit for seeking judicial review of a decision of the Board of Tax Adjustment. For the reasons hereinafter expressed, we conclude that the circuit court was in error.
The Florida Appellate Rules apply to "circuit courts in the exercise of their appellate jurisdiction." Fla.App.R. 1.1 (1962). Therefore, if the action filed by appellant pursuant to section 194.032(6) were an appellate proceeding, appellees would be correct in their assertion that a property appraiser must seek review of a decision of the board within thirty days after it becomes final. However, we conclude that the proceeding established by section 194.032(6) is not an appellate proceeding and, therefore, is not within the scope of the appellate rules.
For many years the circuit courts have had original and exclusive jurisdiction of all cases involving the legality of any tax assessment. Art. V, § 6(3), Fla. Const. (1968); Fla. Const. of 1885, art. V, § 11. *1287 When article V was revised in 1972, this jurisdiction was retained subject to change by general law. Art. V, § 20(c)(3), Fla. Const. Subsequent to this revision the legislature enacted section 26.012(e), Florida Statutes (1975), which provides for the continuation of this jurisdiction of the circuit courts over actions challenging tax assessments. Pursuant to these provisions a taxpayer may invoke the original jurisdiction of the circuit court, subject to the restrictions of section 194.171, to challenge an assessment decision of the county Board of Tax Adjustment. The question raised in the instant case is whether the property appraiser has the same right to invoke the circuit court's original jurisdiction pursuant to section 194.032(6)(a). We conclude that he does.
Much of the confusion with respect to the remedy available to the property appraiser results from the use of the term "appeal" in section 194.032(6)(a), in reference to the procedure to be utilized by the property appraiser to challenge a decision of the Board of Tax Adjustment. However, in light of the context within which the term "appeal" is used in sections 194.032(6)(a) and 194.181, Florida Statutes (Supp. 1976), we conclude that the legislature intended to grant the property appraiser the right to challenge the legality of a decision of the Board of Tax Adjustment by the same means accorded the taxpayer. We look particularly to the wording of section 194.032(6)(a) 3 which provides, in pertinent part:
If the department [of revenue] finds upon investigation that a consistent and continuous violation of the intent of the law or administrative rules by the board has occurred, it shall so inform the property appraiser, who may thereupon bring suit in circuit court against the [property appraisal adjustment board] for injunctive relief to prohibit continuation of the violation of the law or administrative rules and for a mandatory injunction to restore the tax roll to its just value in such amount as determined by judicial proceeding.
This enactment clearly contemplates that injunctive relief shall be sought by way of an original civil action rather than by appeal. Further, section 194.181, Florida Statutes (Supp. 1976), provides in part:
(1) The plaintiff in any tax suit shall be:
(a) The taxpayer contesting the assessment of any tax, the payment of which he is responsible for under the law; or
(b) The property appraiser pursuant to s. 194.032.
(2) In any case contesting the assessment of any property brought by the taxpayer, the county property appraiser shall be party defendant. In any case brought by the property appraiser pursuant to s. 194.032(6)(a) 1. or 2., the taxpayer shall be party defendant. In any case brought by the property appraiser pursuant to subparagraph 194.032(6)(a) 3., [the property appraisal adjustment board] shall be party defendant.
This provision indicates that an action brought by the property appraiser pursuant to section 194.032(6) is also intended to be an original action rather than an appeal. Therefore, we conclude that the property appraiser has the right, subject to the limitations imposed by section 194.032(6) and section 194.171(2), to commence an original civil action in circuit court to challenge a decision of the county Board of Tax Adjustment.
The determination of the circuit court that the sixty-day time limit on filing an original action to challenge a tax assessment is in violation of article V, section 2(a), Florida Constitution, is necessarily erroneous in light of our interpretation of section 194.032(6). The sixty-day limit set forth in section 194.171(2) is not a time limit for filing an appeal from a decision of the Board of Tax Adjustment but, rather, constitutes a statute of limitations governing the time for filing an original action to challenge such decision. Since the legislature clearly has the authority to establish *1288 such limitations,[3] no constitutional violation exists.
Accordingly, the order of the Circuit Court of Pasco County, Florida, dismissing appellant's action is reversed, and this cause is remanded for further action not inconsistent with this opinion.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, HATCHETT and ALDERMAN, JJ., concur.
NOTES
[1] § 194.171(2), Fla. Stat. (1975), in pertinent part, provides:

No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2).
[2] Art. V, § 2(a), Fla. Const., in part, provides:

The supreme court shall adopt rules for the practice and procedure in all courts including the time for seeking appellate review... .
[3] Cf. In re Estate of Brown, 117 So.2d 478 (Fla. 1960); Walter Denson & Son v. Nelson, 88 So.2d 120 (Fla. 1956); H.K.L. Realty Corp. v. Kirtley, 74 So.2d 876 (Fla. 1954).