411 So.2d 887 (1982)
CAPE CAVE CORPORATION, a Florida Corporation, Appellant,
v.
Oliver LOWE, Property Appraiser, Charlotte County; L. Victor Desguin, Tax Collector, Charlotte County; and Randy Miller, Executive Director, Florida Department of Revenue, Appellees.
No. 81-841.
District Court of Appeal of Florida, Second District.
January 29, 1982.
Rehearing Denied March 11, 1982.
Thomas R. Spencer, Jr. of Myers, Kaplan, Levinson, Kenin & Richards, Miami, for appellant.
*888 John M. Hathaway, Punta Gorda, for appellee Oliver Lowe.
Jim Smith, Atty. Gen., and Joseph C. Mellichamp II, Asst. Atty. Gen., Tallahassee, for appellee Randy Miller.
BOARDMAN, Acting Chief Judge.
Plaintiff Cape Cave Corporation appeals an order dismissing the instant case for lack of jurisdiction. We reverse.
Appellant filed a complaint against appellees challenging its property tax assessment, alleging jurisdiction under Section 194.171, Florida Statutes (1979). Appellees moved to dismiss for failure of appellant to comply with the jurisdictional requirements of section 194.171(2), which requires that suit be filed within sixty days from the date the challenged assessment was certified for collection, alleging that the tax roll was certified on November 12, 1980, and that the instant complaint was not filed until February 18, 1981. After hearing, the trial court dismissed the case as requested. This appeal followed timely.
The statutory provisions concerning the duties of the property appraiser and the county Property Appraisal Adjustment Board (PAAB) and the rights and remedies available to an aggrieved taxpayer are at first blush somewhat complicated and confusing, but can be delineated and reconciled. The process begins with preparation by the property appraiser of the property assessment roll, which he must then submit to the executive director of the Department of Revenue for review. § 193.114(1) and (5), Fla. Stat. (Supp. 1980). On or before approval of the roll by the department, property owners are notified of their assessment. § 194.011(2), Fla. Stat. (1979). Any property owner who objects to his assessment may, within specified time limits, either seek administrative review by petitioning the PAAB for review pursuant to section 194.011(3) or seek judicial review in the circuit court pursuant to Section 194.171.
If the taxpayer elects to pursue his administrative remedies, as appellant did here, the PAAB hearing procedure is governed by Section 194.032, Florida Statutes (Supp. 1980). That section states that "nothing herein shall preclude an aggrieved taxpayer from contesting his assessment in the manner provided by s. 194.171, whether or not he has initiated an action pursuant to this section." § 194.032(3). However, section 194.032 further provides that following the PAAB's decision on a petition: "(6) Appeals of the board's decision shall be as follows: ... (b) Any taxpayer may bring an action to contest a tax assessment pursuant to s. 194.171." Thus, it is clear that the legislature intended to afford the taxpayer access to the courts if he remains aggrieved after the PAAB's review as well as if he decides to bypass the PAAB entirely, and the procedures and requirements governing judicial review are the same in either case.
Section 194.171(2) provides: "No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2)." It is undisputed that the assessment involved here was certified for collection on November 12, 1980. Section 193.122(1), Florida Statutes (1979) requires that this certification be performed only "after all hearings required by s. 194.032 have been held." Since all such hearings were completed on November 5, 1980, the certification here was proper and started the running of the statutory sixty-day period.
However, the PAAB failed to timely perform a related duty owed to appellant, to wit: the duty set forth in section 194.032(5):
(5) In each case, except when a complaint is withdrawn by the petitioner or is acknowledged as correct by the property appraiser, the property appraisal adjustment board shall render a written decision. All such decisions shall be issued within 20 calendar days of the last day the board is in session under this section. The decision of the board shall contain findings of fact and conclusions of law and shall include reasons for upholding or overturning the property appraiser's determination. The clerk, upon issuance of the decisions, shall, on a form provided by the Department of Revenue, notify by *889 first-class mail each taxpayer, the property appraiser, and the department of the decision of the board.
Here, since the last day the PAAB was in session under this section was November 5, 1980, the PAAB's decision on appellant's petition should have been issued no later than November 25, 1980. Yet it was not issued until January 19, 1981, well over sixty days after appellant's assessment was certified for collection. Appellant filed the instant complaint on February 18, 1980, less than forty days after the PAAB's decision was issued.
The sixty-day limit set forth in section 194.171(2) has been held to constitute a statute of limitations, Williams v. Law, 368 So.2d 1285 (Fla. 1979), and a defendant may by its actions become estopped from claiming the benefit of a statute of limitations. Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA), cert. denied, 378 So.2d 342 (Fla. 1979); North v. Culmer, 193 So.2d 701 (Fla. 4th DCA 1967). We conclude that the PAAB has become estopped to raise section 194.171(2) as a bar to appellant's action by virtue of its failure to properly and timely notify appellant of its decision on appellant's petition.
The PAAB argues that appellant was not required to await its decision, since section 194.032 authorizes a circuit court action by an aggrieved taxpayer whether or not the taxpayer avails itself of its administrative remedies. This is correct. However, since our legislature has seen fit to require a written decision, complete with findings of fact, conclusions of law, and reasons for the decision, when a taxpayer does file a petition with the PAAB, it is clear to us that the legislature intended that the taxpayer have the benefit of that written decision before deciding whether to then seek judicial review. We consider it eminently reasonable, therefore, for a taxpayer to assume, as appellant appears to have assumed, that the PAAB will comply with section 194.032 and that it (the taxpayer) has at least forty days from the date of issuance of the PAAB's decision to file a complaint for judicial review.[1] It is clearly unreasonable to require the taxpayer to check on the PAAB to make sure it has timely fulfilled its statutory responsibilities when the taxpayer has set in motion a process under which that taxpayer has a right to expect timely notice that the running of a statutory limitation period has begun.
Finally, the fact that appellant was notified (through its attorney) at the hearing of the fact that its petition would be denied does not avail the PAAB. As mentioned above, the legislature made it clear in section 194.032 that the taxpayer is entitled to notification of the reasons for the denial as well as the bare fact of denial.
Accordingly, we hold that the PAAB is estopped to raise the statute of limitations contained in section 194.171(2) as a defense to appellant's action. We therefore REVERSE the trial court's order of dismissal and REMAND for further proceedings consistent with this opinion.
OTT and RYDER, JJ., concur.
NOTES
[1] As noted earlier, appellant here filed its complaint within forty days of the issuance of the PAAB's decision.