HURLEY, Judge.
The question presented is whether a taxpayer is foreclosed from contesting a tax assessment because of his failure to file an action within 60 days from the date the assessment was certified for collection. The Supreme Court resolved this question in Coe v. ITT Development Corp., 362 So.2d 8 (Fla.1978), where it held “that the 60-day time limitation expressed in Section 194.-171(2) ... is a jurisdictional statute of non-claim rather than a statute of limitations.” *249 Thus, a taxpayer’s failure to act within the sixty-day period constitutes a complete bar and, consequently, we affirm the summary judgment entered in favor of the appel-lee/property appraiser.
Appellant/taxpayer, dissatisfied with the tax assessment on his home, appealed to the Property Appraisal Adjustment Board of Indian River County. After a hearing, the board denied the appeal in a written “record of decision” which contained a checked box next to the statement, “The relief in your petition was denied.” [1] Pursuant to section 193.122(2), Florida Statutes (1981), the assessment was certified for collection on December 7, 1981. Eighty-four days later — on March 1, 1982 — the appellant/taxpayer filed an action in the circuit court to contest the assessment. The trial court eventually entered a summary judgment in favor of the appellee/property appraiser and this appeal ensued.
Section 194.171(2), Florida Statutes (1981), states that “[n]o action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under § 193.122(2).” Given the Supreme Court’s holding that this is a statute of non-claim rather than a statute of limitations, Coe v. ITT Community Development Corp., supra, we cannot accept appellant’s contention that the deficiency in the board’s order should estop the property appraiser from asserting the statute of limitations. To the contrary, we are compelled to hold that the taxpayer’s failure to act within the 60 day period is a complete bar to the present action.
We recognize that our decision expressly and directly conflicts with Cape Cave Corp. v. Lowe, 411 So.2d 887 (Fla. 2d DCA 1982). Had we the freedom to choose, we might well opt for the Second District’s solution for it appears to be eminently fair and equitable. However, there is no escaping the fact that Cape Cave is wholly predicated on a chance remark from Williams v. Law, 368 So.2d 1285 (Fla.1979). Admittedly, Williams does use the term “statute of limitations’ in reference to section 194.-171(2). We can only suggest that this passing reference is but another example of what the Supreme Court characterized as “an inartful use of the term.” Coe v. ITT Community Development Corp., supra at 9. It is inconceivable that the Supreme Court would overrule a prior decision, issued only eight months before, without a word of explanation. Thus, we conclude that Coe expresses the law of Florida and is disposi-tive of this case.
Accordingly, the final summary judgment is AFFIRMED.
HERSEY and GLICKSTEIN, JJ., concur.

. Section 194.032(5), Florida Statutes (1981), requires that “[t]he decision of the board shall contain findings of fact and conclusions of law and shall include reasons for upholding or overturning the property appraiser’s determination.”