453 So.2d 397 (1984)
Norman MILLER, Petitioner,
v.
David C. NOLTE, Respondent.
No. 63336.
Supreme Court of Florida.
July 12, 1984.
*398 Clifford M. Miller of Miller & Miller, Vero Beach, for petitioner.
Robert Jackson of the Law Offices of Robert Jackson, Vero Beach, for respondent.
ADKINS, Judge.
This case is before us on discretionary review on the basis of conflict with Cape Cave Corp. v. Lowe, 411 So.2d 887 (Fla. 2d DCA), review denied, 418 So.2d 1280 (Fla. 1982). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. The question presented is whether a taxpayer is foreclosed from contesting a tax assessment because of his failure to file an action within sixty days from the date the assessment was certified for collection.
This action was originally brought when the taxpayer petitioned the Indian River County Property Appraisal Adjustment Board, pursuant to chapter 194, Florida Statutes (1981), to contest the amount of the property assessment on his real estate. After a hearing, the board orally denied the taxpayer relief. On December 4, 1981, the taxpayer was mailed a written notice of the denial of his petition. On March 2, 1982, the taxpayer filed a complaint in the circuit court. The property appraiser filed a motion to dismiss the complaint alleging, among other things, that the statute of limitations, section 194.171(2), Florida Statutes (1981), prohibited taxpayer's suit. The court entered summary judgment in favor of the property appraiser on that basis. The taxpayer appealed to the Fourth District *399 Court of Appeal which affirmed the circuit court's order.
Section 194.171(2) provides:
No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2).
The district court found the issue presented in this case had been resolved by this Court in Coe v. ITT Community Development Corp., 362 So.2d 8 (Fla. 1978). Miller v. Nolte, 427 So.2d 248 (Fla. 4th DCA 1983). In its brief opinion, the district court stated that Coe held that the sixty-day time limitation expressed in section 194.171(2) is a jurisdictional statute of non-claim rather than a statute of limitation. Id. at 248. Because the statute was found to be a statute of non-claim rather than a statute of limitation, the district court could not accept the taxpayer's contention that a deficiency in the property appraisal adjustment board's order should estop the appraiser from asserting the statute as an affirmative defense to taxpayer's claim. The court determined it was "compelled" to hold that the taxpayer's failure to act within the sixty-day period was a complete bar to the action. The district court recognized that its decision expressly and directly conflicted with Cape Cove Corp. v. Lowe, 411 So.2d 887 (Fla. 2d DCA), review denied, 418 So.2d 1280 (Fla. 1982), of the Second District Court of Appeal. The court even stated that it might well have opted for Cape Cove's solution because it appeared to be "eminently fair and equitable" if the court had had "the freedom to choose." 427 So.2d at 249. In reaching its conclusion, the district court stated:
[T]here is no escaping the fact that Cape Cave is wholly predicated on a chance remark from Williams v. Law, 368 So.2d 1285 (Fla. 1979). Admittedly, Williams does use the term "statute of limitations" in reference to section 194.171(2). We can only suggest that this passing reference is but another example of what the Supreme Court characterized as "an inartful use of the term." It is inconceivable that the Supreme Court would overrule a prior decision, issued only eight months before, without a word of explanation. Thus, we conclude that Coe expresses the law of Florida and is dispositive of this case.
Id. (citation omitted).
We must admit that an examination of the handful of cases which have dealt with the time limitation in section 194.171(2) do not provide an obvious answer to the issue in this case. In 1978 this Court rendered its decision in Coe. There we held that the statute was a jurisdictional statute of non-claim rather than a statute of limitations which would, of course, be available as an affirmative defense. We noted that this Court had consistently characterized the statute as a non-claim statute since Rudisill v. City of Tampa, 151 Fla. 284, 9 So.2d 380 (1942). We concluded that there was no reason to recede from our earlier decisions because the substance, purpose, and rationale for the statute had not been altered since Rudisill.
Eight months after Coe this Court decided Williams v. Law, 368 So.2d 1285 (Fla. 1979). In Williams we were faced with the issue of whether the time limitation in section 194.171(2) for seeking judicial review was a violation of article V, section 2(a) of the Florida Constitution which provides that this supreme court shall adopt rules for practice and procedure in all courts including time for seeking appellate review. In our opinion we stated that section 194.171(2) "constitutes a statute of limitations governing the time for filing an original action to challenge [the board's] decision." Id. at 1287.
We also referred to this section, formerly known as section 192.21, as a statute of limitations in our 1972 decision in Lake Worth Towers, Inc. v. Gerstung, 262 So.2d 1 (Fla. 1972). In that case we were faced with the issue of whether the taxpayer had lost his right to challenge an assessment because he had failed to exhaust his administrative remedies and to institute such a challenge within the sixty-day time limit set forth in section 192.21. The subject property *400 had been assessed for the value of both the realty and the improvements and the property, in fact, clearly qualified for an unimproved land assessment. We held that the running of the statute of limitations would not bar a challenge to an assessment where the assessment was void. Id. at 4. Chief Justice England, writing for the majority in Coe, recognized that the Court had referred to the statute as a statute of limitations in Lake Worth Towers but called it "an inartful use of the term." 362 So.2d at 9.
After a reexamination of these cases and the purpose and rationale underlying the statutory provisions concerning the review of tax assessments, we must retreat from our 1978 characterization of this statute as being a non-claim statute. We agree with the district court's observation that Cape Cove's solution is probably eminently fair and equitable. In Cape Cove the appellant corporation had filed a complaint challenging its property tax assessment more than sixty days after the tax roll had been certified for collection. The Court discussed in detail the statutory provisions concerning the duties of the property appraiser and the county property appraisal adjustment board (referred to as PAAB) and also those provisions pertaining to the rights and remedies available to an aggrieved taxpayer. The Cape Cove court noted that the property appraisal adjustment board had failed to timely perform a duty it owed to the taxpayer under section 194.032(5), Florida Statutes (1979). That section requires the board to render a written decision in each case except those cases where the complaint is withdrawn by the petitioner or is acknowledged by the property appraiser as correct. The decision is to contain findings of fact, conclusions of law, and reasons for the appraiser's determination and is to be issued within twenty days of the last day the board is in session. In Cape Cove the court concluded that the board was estopped from raising section 194.171(2) as a bar to the corporation's action because of its failure to give proper and timely notice of its decision to the taxpayer/corporation.
We find the rationale of Cape Cove persuasive. The court stated:
[S]ince our legislature has seen fit to require a written decision, complete with findings of fact, conclusions of law, and reasons for the decision, when a taxpayer does file a petition with the PAAB, it is clear to us that the legislature intended that the taxpayer have the benefit of that written decision before deciding whether to then seek judicial review. We consider it eminently reasonable, therefore, for a taxpayer to assume, as appellant appears to have assumed, that the PAAB will comply with section 194.032 and that it (the taxpayer) has at least forty days from the date of issuance of the PAAB's decision to file a complaint for judicial review. It is clearly unreasonable to require the taxpayer to check on the PAAB to make sure it has timely fulfilled its statutory responsibilities when the taxpayer has set in motion a process under which that taxpayer has a right to expect timely notice that the running of a statutory limitation period has begun.
... [T]he legislature made it clear in section 194.032 that the taxpayer is entitled to notification of the reasons for the denial as well as the bare fact of denial.
Accordingly, we hold that the PAAB is estopped to raise the statute of limitations contained in section 194.171(2) as a defense to appellant's action.
411 So.2d 889 (footnote omitted, emphasis in original).
In Rudisill this Court was faced with the question of whether a thirty-day time limit on when suit could be instituted deprived the taxpayer of due process. The Court held that it did not. In upholding the taxing act the Court stated:
Property owners are obliged to know that their property is liable for taxes. Property owners are afforded a method by law to appear before administrative officers and obtain a fair and just assessment of their property.
It is indispensable to government that taxes be assessed and collected. The *401 legislature is charged with the duty of providing a uniform and equal rate of taxation. Section 1, Article IX, Florida Constitution. The legislature is necessarily vested with power to enact necessary laws to secure a prompt collection of the annual tax. In the exercise of such powers they must not invade the constitutional rights of the property owner. Provision is made here however, for the owner to make return of his property and value same for taxation. He has further remedy to petition the equalization board for appropriate relief. He is allowed a minimum of thirty days from the final act of the administrative officers to resort to the courts if he feels aggrieved by the administrative taxing authorities. While the time may appear relatively short, nevertheless it cannot be said that the time fixed by the Legislature is so unreasonable as to amount to depriving him of his property without due process.
The legislature perhaps realized that unless the assessment was made final within a relatively short period of time the collection would be impaired thereby resulting in further inequalities in the burdens of tax payers to sustain the cost of government.
151 Fla. at 285-86, 9 So.2d at 380-81. The Rudisill Court's rationale clearly justifies the decision reached in that case. However, these same concerns do not likewise justify the decision we perhaps too hastily arrived at in Coe. The issue in Coe was not identical to the question answered in Rudisill. The issue of whether this statutory provision is determined to be a non-claim statute or a statute of limitations obviously involves different concerns and consequences to the taxpayer and different interests on the part of the state than the determination of the validity of imposing any time limitation at all in the review process. We were wrong to base our decision in Coe on the hypothesis that the substance, purpose and rationale used in Rudisill had not changed and were also applicable to the question presented in Coe, and we recede from Coe.
The requirement in section 194.032 that the board issue findings of fact and conclusions of law has been held to be a requirement of due process. Hollywood Jaycees v. Department of Revenue, 306 So.2d 109 (Fla. 1974). The non-fulfillment of the procedural prerequisites in the taxing scheme would deny the taxpayer of his right to due process were we to hold that section 194.171(2) is a non-claim statute. The taxpayer would be unable to raise any valid estoppel arguments to an assertion that he failed to file his action within sixty days of certification. Surely the legislature could not have intended such inequitable consequences. Persons have a right to due process when the protection and enforcement of their private rights are at issue. See Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1971); Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). Due process requires that section 194.171(2) be considered a statute of limitations. The board must be required to have performed its procedural prerequisites before the statute begins to run. The taxpayer has a right to expect timely notice that the running of a statutory limitation period has begun in this context. When the taxpayer has not been provided with a written decision of the board complying with section 194.032(2), as happened in Cape Cove and in the present case, he has not been put on record notice that the board may have certified the tax roll for collection.
Accordingly, we quash the decision of the district court and remand this cause with instructions to reverse the trial court's order of dismissal and remand the cause to the trial court for further proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and ALDERMAN, EHRLICH and SHAW, JJ., concur.
OVERTON, J., dissents with an opinion in which McDONALD, J., concurs.
OVERTON, Judge, dissenting.
I dissent. In 1978, in Coe v. ITT Community Development Corp., 362 So.2d 8, 9 (Fla. 1978), this Court unanimously held:

*402 We have consistently held that the 60-day time limitation expressed in Section 194.171(2), and in its predecessor statutes, is a jurisdictional statute of non-claim rather than a statute of limitations. Rudisill v. City of Tampa, 151 Fla. 284, 9 So.2d 380 (1942); Chatlos v. Overstreet, 124 So.2d 1 (Fla. 1960). The Third District Court of Appeal has consistently followed our interpretation. Henry v. County of Dade, 149 So.2d 89 (Fla. 3d DCA), cert. denied, 155 So.2d 549 (Fla. 1963); Harvey W. Seeds Post No. 29 v. Dade County, 230 So.2d 696 (Fla. 3d DCA), cert. denied, 238 So.2d 420 (Fla. 1970); Chaves Construction Co. v. Metropolitan Dade County, 256 So.2d 545 (Fla. 3d DCA 1972); Blake v. R.M.S. Holding Corp., 341 So.2d 795 (Fla. 3d DCA 1977).
I find that the statute is a jurisdictional statute of non-claim and that has been the clear rule of law in this state for over forty years. Consistency and stare decisis mandate an affirmance of the district court of appeal opinion. There is no justifiable reason to overrule the multiple decisions that have clearly established the rule of law on this issue.
McDONALD, J., concurs.