DAUKSCH, Judge.
The state appeals from an order dismissing an Information which charged that ap-pellee
... did, in violation of Florida Statute 812.014, knowingly obtain or use, or endeavor to obtain or use clothing, of a value of ONE HUNDRED DOLLARS ($100.00) or more, the property of another, to wit: JAMES LUSINK, as owner or custodian thereof, with the intent to temporarily or permanently deprive said owner or custodian of a right to the property or a benefit therefrom, and to appropriate the property to their own use or to the use of a person not entitled thereto.
The basis of the trial court’s order dismissing the information is that “The information fails to allege an ‘unlawful’ taking or intent to deprive.” We disagree.
In State v. McNeill, 407 So.2d 1021 (Fla. 4th DCA 1981), the court examined the sufficiency of an Information charging a violation of the same statute as the one allegedly violated here. In McNeill, the trial court dismissed the Information based on the state’s failure to include an allegation that there was specific intent to permanently deprive the victim of his property. The court of appeal reversed the dismissal and instructed the trial court to reinstate the Information. The court concluded that an allegation of “... an intent to appropriate property to the use of one other than the owner is equated with the unlawful intent to deprive the owner of his property.” 407 So.2d at 1022.
The instant case is similar to McNeill. Appellee contends that without an allegation of an unlawful taking, the Information fails to allege the requisite specific criminal intent. However, as in McNeill, the Information against appellee alleges an intent “... to appropriate the property to their own use or the use of a person not entitled thereto.” We agree with the Fourth District Court of Appeal and conclude that this language is equated with the unlawful intent to deprive the owner of his property.
Even if we did not conclude as above stated, we would reverse the order dismissing the Information in this case. The Information charged that appellee acted “... in violation of Florida Statute 812.014...” This is the same as an allegation that ap-pellee acted unlawfully. See McCaskill v. State, 55 Fla. 117, 45 So. 843 (1908); Schley v. State, 48 Fla. 53, 37 So. 518 (1904).
The order dismissing the Information is reversed. The case is remanded to the trial court with instructions to reinstate the Information and for further appropriate proceedings.
REVERSED and REMANDED.
SHARP and COWART, JJ., concur.