DAUKSCH, Judge.
This is an appeal from an order dismissing a complaint for failure to file within the statutory limitation period. We affirm.
The property appraiser was aggrieved by the actions of the Seminole County Property Appraisal Adjustment Board and sought authority from the Department of Revenue to sue to overturn some of the board’s decisions. The right to sue and the procedure by which to sue are set out in a statute and are not derived from any common law source.
Section 193.122(4), Florida Statutes (1989) discusses appeals of value adjustment board decisions and states in part:
... The roll may be certified by the property appraiser prior to an appeal being filed pursuant to s. 194.036(l)(c), but such appeal shall be filed within 20 days after receipt of the decision of the department relative to further judicial proceedings.
Section 194.036, Florida Statutes (1989) further provides in pertinent part:
Appeals of the decisions of the board shall be as follows:
(1) If the property appraiser disagrees with the decision of the board, he may appeal the decision to the circuit court if one or more of the following criteria are met:
[[Image here]]
(c) There is an assertion by the property appraiser to the Department of Revenue that there exists a consistent and continuous violation of the intent of the law or administrative rules by the property appraisal adjustment board in its decisions. The property appraiser shall notify the department of those portions of the tax roll for which the assertion is made. The department shall thereupon notify the clerk of the board who shall, within 15 days of the notification by the department, send the written decisions of the board to the department. Within 30 days of the receipt of the decisions by the department, the department shall notify the property appraiser of its decision relative to further judicial proceedings. If the department finds upon investigation that a consistent and continuous violation of the intent of the law or administrative rules by the board has occurred, it shall so inform the property appraiser, who may thereupon bring suit in circuit court against the property appraisal adjustment board for injunctive relief to prohibit continuation of the violation of the law or administrative rules and for a mandatory injunction to restore the tax roll to its just value in such amount as determined by judicial proceeding. However, when a final judicial decision is rendered as a result of an appeal filed pursuant to this paragraph which alters or changes an assessment of a parcel of property of any taxpayer not a party to such procedure, such taxpayer shall have 60 days from the date of final judicial decision to file an action to contest such altered or changed assessment pursuant *807 to s. 194.171(1), and the provisions of s. 194.171(2) shall not bar such action.
The operative and determinative words for resolution of this appeal are “... but such appeal shall be filed within 20 days after receipt of the decision of the department ...” It is conceded that the appeal was not filed until after the passing of the twenty-day period and no argument is made that somehow the limitation period was extended. The property appraiser’s argument is that the word “shall” is directory rather than mandatory in the context of the statute and tax law generally. We disagree with full knowledge that sometimes “shall” is interpreted to mean a directive rather than a mandate. See Miller v. Nolte, 453 So.2d 397 (Fla.1984); Lomelo v. Mayo, 204 So.2d 550 (Fla. 1st DCA 1967). In those cases there were compelling due-process -reasons for “interpreting” the word to change it. See Miller, 453 So.2d at 401 (“The non-fulfillment of the procedural prerequisites in the taxing scheme would deny the taxpayer ... his right to due process_”).
Here no such reasons exist. It is to the benefit of all that there be a quick resolution of proper tax revenues incoming and the legislature must have intended that when it required the appraiser to move quickly in his seeking of a review of the board’s decision. There are no direct taxpayer due process interests involved in this appeal procedure so it is unnecessary to engage in the interpretational gymnastics to change the meaning of the word “shall” to something else in this case.
The subject statute is a mandatory limitation period which the property appraiser failed to meet this year on these reclassifi-cations.
AFFIRMED.
W. SHARP and PETERSON, JJ., concur.